IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES McELROY,

    Petitioner,                  No. 2:05-cv-1749 JAM KJN P

    vs.

UNITED STATES SENTENCING and
PAROLE COMMISSION,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Petitioner is a federal prisoner incarcerated in state prison proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

        In 1987, petitioner was convicted in the United States District Court for the Southern District of New York of the following offenses: (1) Count 1–Racketeering Enterprise (18 U.S.C. §§ 1961, 1962(a)); (2) Count 2–Racketeering Conspiracy (18 U.S.C. §§ 1961, 1962(d)); (3) Counts 3 and 4–Violent Crimes in Aid of Racketeering Enterprise (18 U.S.C. § 1952B and 2); (4) Count 5–Conspiracy to make Extortionate Extensions of Credit (18 U.S.C. §§ 891, 892); (5) Count 7–Conspiracy to Use Extortionate Means to Collect Extensions of Credit (18 U.S.C. §§ 891, 894); (6) Counts 11 and 12–Conspiracy to Interfere with Commerce by

1

Threats or Violence (18 U.S.C. § 1951).

Petitioner was sentenced as follows: (1) Counts 1, 2, and 3 - 20 years on each count to run consecutively with each other; (2) Counts 4, 11, 12 - 10 years on each count concurrently with all other counts; (3) Counts 5 and 7 - 5 years on each count concurrently with all other counts.

Petitioner alleges that the Parole Commission improperly denied him parole and that the sentencing guidelines have been improperly applied to his case. For the following reasons, the petition should be denied.

## II. Discussion

Petitioner alleges the Bureau of Prisons ("BOP") improperly found that pursuant to the 1987 Sentencing Reform Act, he must serve two-thirds of his sentence before he may be released. Petitioner argues that the Sentencing Reform Act does not apply to him as he committed his offenses before it was enacted. Petitioner also argues that the Parole Commission improperly relied on numerous murders he allegedly committed, but was not convicted of, to find him ineligible for parole for 15 years.

Respondent first argues that the petition should be denied based on petitioner's failure to exhaust administrative remedies. Before bringing a habeas petition under § 2241, a federal prisoner generally must exhaust his administrative remedies. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1019 (9th Cir.1991); <u>Tucker v. Carlson</u>, 925 F.2d 330, 332 (9th Cir.1991).

The procedures for exhausting claims with the BOP are set forth as:

> The Federal Bureau of Prisons ("BOP") has an administrative remedy procedure by which inmates can seek formal review of their complaints regarding any aspect of imprisonment. The procedure requires a prisoner to: first attempt to resolve his complaint informally through the BP-8 remedy; then raise his complaint with the warden in writing through the BP-9 remedy; if the matter is not resolved in a manner satisfactory to the prisoner, the prisoner must appeal to the BOP's Regional Director through the BP-10 remedy; and then if the prisoner is still unsatisfied, he must appeal to the BOP's Office of General Counsel through the BP-11 remedy. Until this process is completed, a prisoner's administrative remedies have not been exhausted. See 28 C.F.R. §§ 542.10- 542.19.

1  Wilson v. Ives, No. CV 09-5795-ODW (MAN), 2010 WL 2353376 at *6 (C.D. Cal. 2010).

2        Regulations setting forth the procedures by which inmates may administratively
3  appeal decisions regarding the denial of parole by the Parole Commission are contained, in
4  relevant part, in 28 C.F.R. § 2.26:

> (a)(1) A prisoner or parolee may submit to the National Appeals Board a written appeal of any decision of any decision to grant (other than a decision to grant parole on the date of parole eligibility), rescind, deny or revoke parole, except that any appeal of a Commission decision pursuant to § 2.17 shall be submitted as a petition for reconsideration under § 2.27.
>
> (2) The appeal must be filed on a form provided for the purpose within 30 days from the date of entry of the decision that is the subject of the appeal...

10  28 C.F.R. § 2.26.

11        Respondent contends that petitioner did not exhaust his claim that the Parole
12  Commission improperly found him unsuitable for parole for the following reasons.  On
13  November 18, 1996, the Parole Commission issued a notice of action in petitioner's case stating:
14  "Continue to a 15 year reconsideration hearing in October 2011."  (Dkt. 8, attachment 2.)  This
15  notice stated that the decision was appealable to the Commission under 28 C.F.R. 2.27.  (Id.)
16  According to respondent, petitioner did not file an administrative appeal of this decision.  On
17  September 4, 2004, the Parole Commission issued another notice of action in which it ordered no
18  change to petitioner's 15-year reconsideration date of October 2011.  (Dkt. 8, attachment 3.)
19  This notice of action stated that this decision was appealable to the National Appeals Board
20  pursuant to 28 C.F.R. 226.  (Id.)  According to respondent, petitioner did not file an
21  administrative appeal of this decision.

22        In support of the assertion that petitioner did not exhaust his administrative
23  remedies regarding his claim that the BOP improperly calculated his release date, respondent
24  cites the declaration of Ethel Sours, Legal Instruments Examiner for the Federal Bureau of
25  Prisons.  (Dkt. No. 8, attachment 4).  Ms. Sours states that after a review of petitioner's BOP
26  Sentry records and communication with the Sacramento CCM Contract Oversight Specialist and

with BOP Western Regional Office Legal Staff, she determined that petitioner did not file any formal administrative remedies with the BOP regarding the computation of his sentence.  (Id.)

In his reply to the answer, petitioner contends that he exhausted administrative remedies regarding his claims against the Parole Commission.  Petitioner alleges that on December 24, 2002, he sent a letter to the Parole Commission appealing the November 18, 1996 decision denying him parole for 15 years.  (Dkt. 10, Exhibit A.)  After receiving no response, on March 1, 2003, he submitted a second letter to the Parole Commission requesting that they reconsider their November 18, 1996 decision.  (Dkt. 10, Exhibit B.)  On June 23, 2003, the Parole Commission sent petitioner a letter stating that it had no record of his appeal dated December 2002.  (Dkt. 10, Exhibit C.)  This letter went on to state that such an appeal of the November 1996 decision would be untimely.  (Id.)

The letters cited by petitioner above do not demonstrate exhaustion because the claims were not timely brought.

The documents submitted by petitioner also do not demonstrate exhaustion of his claims against the BOP.  Attached to the petition as Exhibit D is a copy of a Director's Level Decision by the California Department of Corrections dated November 22, 2004, denying petitioner's administrative appeal alleging that his release date was improperly calculated as April 1, 2027.  (Dkt. No. 1, Exhibit D.)  This document does not demonstrate exhaustion because petitioner did not go on to appeal this decision to the other levels of appeal described above.

The exhaustion requirement applicable to petitions brought pursuant to § 2241 is judicially created and is not a statutory requirement; thus, a failure to exhaust does not deprive a court of jurisdiction over the controversy.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995).  If a petitioner has not properly exhausted his or her claims, a district court in its discretion may either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust administrative remedies before proceeding in court.  Brown v. Rison, 895 F.2d at 535.  Exhaustion may be excused if the

administrative remedy is inadequate or ineffective, or if attempting to exhaust would be futile or would cause irreparable injury. Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).

Factors weighing in favor of requiring exhaustion include whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Noriega-Lopez v. Ashcroft, 335 F.3d 874, 880-81 (9th Cir. 2003) (citing Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)).

All four factors weigh in favor of requiring exhaustion herein. Assuming the Parole Commission improperly considered uncharged crimes in finding petitioner unsuitable for parole, it should be allowed to correct that mistake. If the BOP improperly calculated petitioner's release date, it should also be allowed to correct that mistake. Agency expertise regarding both of these issues makes agency consideration necessary. In addition, allowing petitioner to proceed with his claim that he was improperly found unsuitable for parole would encourage other federal prisoners challenging parole suitability decisions to bypass the administrative scheme. The same reasoning applies to petitioner's claim that his release date was improperly calculated. For these reasons, petitioner's failure to exhaust administrative remedies should not be excused.

Moreover, even if these claims were exhausted, for the reasons stated herein, the undersigned would find them without merit.

As stated above, petitioner argues that his release date was improperly calculated under the federal sentencing guidelines rather than under the law as it existed before their enactment. Petitioner bases this argument on a form titled "Sentence Monitoring Computation Data as of 3-02-2004" attached to his petition as exhibit C. (Dkt. No. 1, Exhibit C). This form states that petitioner's total sentence is 60 years. (Id.) The form also states that petitioner's

parole eligibility date is March 31, 1997, his statutory release date is July 15, 2027, and his "two thirds" date is April 1, 2027.  (Id.)  Petitioner argues that the BOP improperly applied the sentencing guidelines by finding that he must serve two-thirds of his sentence before being eligible for parole.

       Respondent alleges that petitioner's argument is based on a misunderstanding of the Sentencing Monitoring Computation form.  According to respondent, before the enactment of the sentencing guidelines in 1987, a district court could set a minimum date before which a defendant could not be released on parole.  (Dkt. No. 8, attachment 5, former 18 U.S.C. § 4205(a), (b).)  The actual release date would ordinarily be set by the Parole Commission according to its own guidelines.  (Id., former 18 U.S.C. § 4206; 28 C.F.R. Ch. I, Pt. 2, Subpart A.)  A prisoner could earn "good time" credits.  (Id., former 18 U.S.C. §§ 4161, 4163.)  Respondent contends that under these former regulations, a prisoner could earn "good time" credits of as much as one-third for their sentence.  (Id., §§ 4161, 4163.)  Respondent contends that a prisoner serving a long sentence who maximized his good time would therefore be entitled to a mandatory release after serving two-thirds of their sentence.  (Id.)

       A prisoner serving a sentence of ten years or more, like petitioner, may earn ten days of good time credits for each month.  (Id., former § 4161.)  Therefore, petitioner would be entitled to mandatory release, under these former regulations, after serving two-thirds of his sentence.  Respondent correctly states that the notation in petitioner's Sentencing Monitoring Computation Form to a "two thirds" sentence is a reference to this fact.  Respondent further correctly observes that if the sentence monitoring sheet had been referring to the sentencing guidelines, it would not have used the phrase "two thirds."  This is because under the sentencing guidelines, prisoners may no longer earn one-third off their sentence for good time credits.  Instead, prisoners sentenced under the guidelines may earn only 54 days off for good behavior for each year they serve.  18 U.S.C. § 3624(a), (b).  Finally, respondent also notes that the Sentencing Reform Act abolished parole for everyone convicted of crimes committed before its

November 1987 effective date.  Because petitioner is clearly eligible for parole, the guidelines have not been improperly applied to him.  For these reasons, petitioner's claim that his release date has been miscalculated is without merit.

Petitioner's next argument that the Parole Commission improperly relied on "numerous murders" for which he was not convicted in order to find him unsuitable for parole is also without merit.

"The scope of judicial review of the Commission's parole decision ... is exceedingly narrow."  Walker v. United States, 816 F.2d 1313, 1316 (9th Cir. 1987) (per curiam).  "[R]eview is narrowly limited to acts outside the Commission's statutory authority, decisions rendered outside its guidelines without a showing of good cause, and constitutional violations."  Feldman v. Perrill, 902 F.2d 1445, 1449 (9th Cir. 1990).  "We defer to the Commission's interpretation of its own regulations unless the interpretation is plainly erroneous or inconsistent with the regulation."  McQuerry v. United States Parole Comm'n, 961 F.2d 842, 847 (9th Cir. 1992).

The Parole Commission rated petitioner's offense as a "Category Eight" severity because it involved a racketeering enterprise in which murder was attempted.  (Dkt. No. 8, attachment 2.)  The facts set forth in the presentence report reflect that petitioner conspired with others to commit several murders and had participated in murders.  (Id., attachment 7.)

The Parole Commission's decision to rely on information in the presentence report was within its statutory authority.  Walker v. United States, 816 F.2d 1313, 1317 (9th Cir. 1987).  In addition, the Ninth Circuit has held that "[i]t does not violate due process for the Commission to consider unadjudicated allegations in determining the parolee's 'offense severity rating' under the guidelines."  Bowen v. U.S. Parole Comm'n, 805 F.2d 885, 888 (9th Cir. 1986).  In rating an offense for its severity for the purposes of establishing the release date of a prisoner, the Parole Commission must consider the actual offense behavior of the prisoner.  Roberts v. Corrothers, 812 F.2d 1173, 1178-82 (9th Cir. 1987).  The Parole Commission is not precluded

from considering prior charges that were dismissed or alleged crimes for which charges were not filed. United States v. Graves, 785 F.2d 870, 876 (10th Cir.1986). Although petitioner was not convicted of murder or attempted murder, his actual offense behavior involved murder and attempted murder.

The regulations provide that if a parolee disputes information presented to the Commission at a parole revocation hearing, the Commission resolves "such dispute by a preponderance of the evidence standard; this is, the Parole Commission shall rely upon such information only to the extent that it represents the explanation of the facts that bests accords with reason and probability." 28 C.F.R. § 2.19(c).

In the instant case, petitioner did not dispute his involvement in the murders and attempted murders. The initial parole hearing summary report dated October 30, 1996, states that petitioner "readily" admitted that he was involved in criminal activity ranging from loansharking to drugs to murder. (Dkt. No. 8, attachment 8.)  For this reason, the Parole Commission lawfully relied on this admission, coupled with the facts in the presentence report, in rating his offense behavior as Category 8 severity.

In summary, the petition should be denied because the claims are unexhausted or, in the alternative, because they are without merit.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: June 23, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcelroy.157